UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Keith O. Stoddard,                        )
                                          )
                Petitioner,               )
                                          )
        v.                                )        Civil Action No.  **11 1369**
                                          )
U.S. Parole Commission,                   )
                                          )
                Respondent.               )

MEMORANDUM OPINION

This matter, submitted *pro se*, is before the Court on its initial review of "Petitioner's

Writ of Mandamus," in which petitioner seeks to compel the United States Parole Commission

"to provide [a] hearing." Pet. at 1. It appears that petitioner is in custody on a parole violator

warrant and is seeking a probable cause hearing. However, petitioner acknowledges that he has a

petition for writ of habeas corpus pending in this Court before Judge Amy Berman Jackson and

is filing the current petition "in an abundance of caution."[1] *Id.*

In the pending habeas corpus action, petitioner seeks the same relief sought here, and the

government has been ordered in that action to show cause why the habeas petition should not be

granted. *Stoddard v. U.S. Parole Comm'n*, Civ. Action. No. 11-1050 (ABJ) [Dkt. # 2]. A writ of

mandamus is an extraordinary remedy awarded when three conditions are satisfied, one of which

---

[1] Petitioner is advised that the applicable filing fee for this civil action is $350.00, which
is a debt incurred at the time the complaint is presented for filing. *In re: Smith*, 114 F.3d 1247,
1251 (D.C. Cir. 1997). Under the filing fee provisions of the Prison Litigation Reform Act, a
prisoner unable to pay the full filing fee is assessed an initial partial filing fee and partial
payments, which are ordered to be deducted from his prison account until the fee is paid in full.
*See* 28 U.S.C. § 1915(b)(1). Although, in light of this early dismissal, an assessment order will
not be issued in this action, petitioner is cautioned that the Court may not be as benevolent the
next time he submits what amounts to a duplicative action.



is when no other adequate remedy is available to the petitioner. *Swan v. Clinton*, 100 F.3d 973, 977, n.1 (D.C. Cir. 1996). Because petitioner has an available remedy in the pending habeas action, the Court will dismiss this mandamus action. A separate Order accompanies this Memorandum Opinion.

7/19/11

_____
United States District Judge

2